UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

    Plaintiff,

                                        CASE NO.

vs.

JAIME SANCHEZ-ALVAREZ,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment as to the coverage afforded under a policy of marine insurance, and further thereto would respectfully state as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, § 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant JAIME SANCHEZ-ALVAREZ, located at 8800 SW 56th Street in Miami, FL 33165.

1

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendant JAIME SANCHEZ-ALVAREZ (hereinafter "SANCHEZ-ALAVAREZ") is a resident of Miami-Dade County in Florida.

**FACTUAL ALLEGATIONS**

6. On or about November 11, 2015, Defendant submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7. A true and correct copy of the said application form completed and signed by Defendant, and submitted to Plaintiff on or about November 11, 2015 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 1.

8. Plaintiff agreed to issue a policy of marine insurance for the one (1) year period commencing on September 30, 2015, based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Ex. 1.

9. Plaintiff thereafter agreed annually to renew the coverages originally afforded to the Defendant. Although the referenced annual renewals were accompanied by and were obtained

2

on the basis of submission of renewal applications, each and every renewal of the original policy was based on the material information set forth in the original application. Ex. 1.

10. On or about September 28, 2016, Defendant sent the Plaintiff, via Defendant's agent, a Renewal Application.

11. A true and correct copy of the completed and executed Renewal Questionnaire, sent to the Plaintiff by Defendant via Defendant's agent on or about September 28, 2016, is attached hereto as Exhibit 2.

17. On or about November 7, 2016, Plaintiff GREAT LAKES, in exchange for good and valuable consideration issued to the Defendant named herein its Marine Insurance Policy No. CSRYP/158103, affording Hull & Machinery coverage in the amount of $259,000.00 for a period of one (1) year commencing on September 28, 2016, on the 2012 Bertram 46' ft vessel named "HEART OF GOLD" which was owned by the said Defendant.

18. A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. CSRYP/158103 is attached hereto as Exhibit 3.

19. Plaintiff agreed to issue its Policy No. CSRYP/158103 based upon the representations set forth in, and the material information disclosed in, the original application attached hereto at Ex. 1, and in the Renewal Questionnaire attached hereto as Ex. 2.

20. Plaintiff agreed to issue the Policy based upon the Defendant's representation in the original application that Defendant had purchased the "HEART OF GOLD" for $259,000.00. *See* Ex. 1.

21. On or around September 10, 2017, during the period of Plaintiff's Policy No. CSRYP/158103, the 2012 Bertram 46' ft vessel which was owned by the said Defendant was

involved in an incident in which it has been alleged that certain damage was sustained by the vessel and/or the vessel's engines and generators as a result of Hurricane Irma.

22. Upon receipt of the first notice of the September 10, 2017 loss described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

23. The said investigation established that the damage sustained by the "HEART OF GOLD" was not due to anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

24. The said investigation established that the loss of the MY GIRL was due to the Vessel's unseaworthiness because the generator was removed from the Vessel prior to Hurricane Irma, and the generator exhaust holes allowed water intrusion into the Vessel.

25. The said investigation established that the Defendant misrepresented material facts on his application for the policy of marine insurance.

26. The said investigation established that the damage sustained by the MY GIRL was not caused by an accidental external event.

## FIRST CAUSE OF ACTION
**(Misrepresentation of Material Facts)**

27. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 26 as if set forth fully herein.

28. Plaintiff's policy states in pertinent part:

> 9. General Conditions and Warranties
> *****
> m) This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our

        acceptance or continuance of this insurance. No action or inaction
        by us shall be deemed a waiver of this provision.

29. During the course of Plaintiff's investigation into the incident in which the Defendant's vessel was alleged to have sustained damage on September 10, 2017, Plaintiff learned that Defendant had only paid $113,290.50.

30. Notwithstanding the fact that he had paid $113,290.50 for the "HEART OF GOLD," Defendant SANCHEZ-ALVAREZ had represented that he had paid $259,000.00 for the Vessel in September 2015.

31. Defendant SANCHEZ-ALVAREZ misrepresented material facts to the Plaintiff when he falsely represented that he had purchased the Vessel for $259,000.00.

32. Due to Defendant SANCHEZ-ALVAREZ'S misrepresentation of material facts at the time he applied for the policy of marine insurance, Policy No. CSRYP/158103 is void from its inception.

33. Notwithstanding the Defendant's misrepresentation of material facts at the time he applied for the policy of marine insurance, Defendant SANCHEZ-ALVAREZ has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

34. As a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/158103. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

35. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the express and implied warranties of seaworthiness described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION
**(Lack of Fortuity)**

36. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 26 as if set forth fully herein.

37. Plaintiff's policy states in pertinent part:

### 2. INSURING AGREEMENT

> This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.
>
> *****
>
> ### 3. Coverage A, Hull, Machinery, Equipment and Dinghy
>
> If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to a scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

38. The incident in which the Defendant's vessel sustained damage on September 10, 2017 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

6

39. The damage to the Defendant's Vessel for which coverage is being sought was due to the fact that the generator was removed from the Vessel, and the generator exhaust holes allowed water intrusion into the Vessel.

40. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant SANCHEZ-ALVAREZ has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

41. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/158103. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

42. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION
**(Express and Implied Seaworthiness Warranties)**

43. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 26 as if set forth fully herein.

44. Plaintiff's policy states in pertinent part:

7

> 9. General Conditions and Warranties
> *****
> b) It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

45. Plaintiff's investigation into the incident in which the Defendant's vessel sustained damage on September 10, 2017 revealed that the "HEART OF GOLD" was not seaworthy at the time of the loss.

46. The Plaintiff's investigation into the incident in which the Defendant's vessel sustained damage on September 10, 2017 revealed that the "HEART OF GOLD" was unseaworthy at the time of the loss and that the loss was proximately caused by the Vessel's unseaworthy condition.

47. Due to the Vessel's unseaworthiness at the time of the loss, and the fact that such unseaworthiness was the proximate cause of the loss, there is no coverage for the Defendant's loss under Policy No. CSRYP/158103 and under federal admiralty law.

48. The Vessel's unseaworthiness at the time of the loss was a breach of the policy's express warranty of seaworthiness, the breach of which voids Policy No. CSRYP/158103 from its inception.

49. Notwithstanding the Defendant's breach of the express and implied warranties of seaworthiness, Defendant SANCHEZ-ALVAREZ has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

50. As a result of the aforesaid breach of the express and implied warranties of seaworthiness, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory

Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/158103.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

51. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the express and implied warranties of seaworthiness described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**FOURTH CAUSE OF ACTION**
**(Failure to Mitigate)**

52. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 26 as if set forth fully herein.

53. Plaintiff's policy states in pertinent part:

<u>10. Your Duties in the Event of a Loss</u>

> 1) Immediately take all possible steps to minimise the loss and protect the Scheduled Vessel from further loss. Failure to do so may invalidate your insurance coverage or reduce the amount of any claim hereunder.

54. Plaintiff's investigation into the incident in which the Vessel sustained damage on September 10, 2017 revealed that Defendant SANCHEZ-ALVAREZ failed to take all possible steps to mitigate the loss and protect the Vessel from further loss.

55. Despite his duty to mitigate the loss and prevent further damage under the policy, as well as under federal admiralty law, and despite repeated urging by adjusters, Defendant

SANCHEZ-ALVAREZ did not promptly have the Vessel's engines "pickled" (a process by which any water in the engines is drained, and then the engines are filled an drained with a light weight oil to prevent rust formation of the cylinder walls, piston ring grooves, etc."), even up to more than a year following the incident.

56. Notwithstanding the Defendant's breach of the duties imposed by the policy and federal admiralty to mitigate the loss and prevent further damage, Defendant SANCHEZ-ALVAREZ has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

57. As a result of the aforesaid breach of the duties under the policy and federal admiralty law to mitigate the loss and prevent further damage, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/158103.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

58. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the duties under the policy and federal admiralty law to mitigate the loss and prevent further damage, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**FIFTH CAUSE OF ACTION**
**(Failure to Comply with Reasonable Requests)**

59. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 26 as if set forth fully herein.

60. Plaintiff's policy states in pertinent part:

<u>10. Your Duties in the Event of a Loss</u>
*****
3) Comply with any reasonable request made of you, by us with regard to the loss.

61. During Plaintiff's investigation into the incident in which the Vessel sustained damage on September 10, 2017, Defendant SANCHEZ-ALVAREZ failed to respond to numerous requests by adjusters for information regarding why the Vessel's generator was removed prior to Hurricane Irma, who had removed it, and where it was currently.

62. The failure of Defendant SANCHEZ-ALVAREZ to provide the information requested by adjusters was a breach of the duty to comply with Underwriters' reasonable requests with regards to the loss.

63. Notwithstanding the Defendant's breach of the duty to comply with Underwriters' reasonable requests with regards to the loss, Defendant SANCHEZ-ALVAREZ has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

64. As a result of the aforesaid breach of the duty to comply with Underwriters' reasonable requests with regards to the loss, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/158103. Until such time as the Plaintiff is able to have its rights and responsibilities under

the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

65. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the duty to comply with Underwriters' reasonable requests with regards to the loss, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### SIXTH CAUSE OF ACTION
### (Failure to Submit Estimates)

66. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 26 as if set forth fully herein.

67. Plaintiff's policy states in pertinent part:

> 10. Your Duties in the Event of a Loss
> *****
> 6) Submit a claim form and/or statement describing the loss, together with two estimates of repair cost and/or records to substantiate the amount of the loss.

68. During Plaintiff's investigation into the incident in which the Vessel sustained damage on September 10, 2017, Defendant SANCHEZ-ALVAREZ failed to provide estimates for repairs and/or records substantiating what he claimed was the amount of the loss.

69. The failure of Defendant SANCHEZ-ALVAREZ to provide estimates for repairs and/or records substantiating what he claimed was the amount of the loss was a breach of the duty to provide estimates for repairs imposed under the policy.

70. Notwithstanding the Defendant's breach of the duty to provide estimates for repairs following the loss, Defendant SANCHEZ-ALVAREZ has made demand upon Plaintiff for

payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

71.     As a result of the aforesaid breach of the duty to provide estimates for repairs following the loss, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/158103.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

72.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the duty to provide estimates for repairs following the loss, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SEVENTH CAUSE OF ACTION
**(Failure to Submit to Examination Under Oath)**

73.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 26 as if set forth fully herein.

74.     Plaintiff's policy states in pertinent part:

> <u>10. Your Duties in the Event of a Loss</u>
> *****
> 9) Cooperate with us in the investigation, defence or settlement of any loss and agree to be examined under oath if we so request.

75.     As part of Plaintiff's investigation into the incident in which the Vessel sustained damage on September 10, 2017, adjusters requested that Defendant SANCHEZ-ALVAREZ

submit to an examination under oath pursuant to the policy.

76. Defendant failed to respond to numerous requests to submit to an Examination Under Oath.

77. Notwithstanding the Defendant's breach of the duty to submit to an Examination Under Oath if requested by the Insurer, Defendant SANCHEZ-ALVAREZ has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

78. As a result of the aforesaid breach of the duty to submit to an Examination Under Oath if requested by the Insurer, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/158103.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

79. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the breach of the duty to submit to an Examination Under Oath if requested by the Insurer, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident of September 10, 2017 in which the insured vessel is alleged to have sustained damage;

(B) Declaring that Plaintiff's Policy No. CSRYP/158103 does not afford coverage to the Defendant for the incident of September 10, 2017 in which the insured vessel is alleged to have sustained damage;

(C) Declaring that Plaintiff's Policy No. CSRYP/158103 is void as a result of misrepresentation and/or non-disclosure of material fact(s);

(D) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:   May 15, 2019
         Fort Lauderdale, Florida

                                    GOLDMAN & HELLMAN
                                    Attorneys for Plaintiff
                                    8751 W. Broward Boulevard
                                    Suite 404
                                    Fort Lauderdale, Florida 33324
                                    Tel (954) 356-0460
                                    Fax (954) 832-0878

                                    By:   /s/ Steven E. Goldman
                                          STEVEN E. GOLDMAN, ESQ.
                                          FLA. BAR NO. 345210

                                    By:   /s/ Jacqueline L. Goldman
                                          JACQUELINE L. GOLDMAN, ESQ.
                                          FLA. BAR NO. 1005573